UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT H. GROSS,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. INSPECTOR GENERAL, *et al.*,<br><br>    Defendants. | Civil Action No. 1:17-cv-01801 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Robert Gross pleaded guilty to defrauding federal and state healthcare reimbursement programs.[1] As a result of his conviction, the Inspector General for the Department of Health and Human Services was required to exclude Gross from participating in all federal healthcare programs for at least five years. The Inspector General imposed a 28-year exclusionary period due to the facts of Gross's offense. That decision was upheld by an Administrative Law Judge and a Departmental Appeals Board. Gross filed suit in this Court against the Inspector General, U.S. Attorney General, and U.S. Attorney, alleging violations of the Administrative Procedure Act (APA), 5 U.S.C. §§ *et seq.*, and the Equal Protection Clause of the U.S. Constitution for excluding him from all federal health care programs for an inordinately long period of time, as well as other constitutional claims related to his conviction and sentencing. This Court holds that Gross's lengthy exclusionary period does not violate the APA or the Equal Protection Clause, and that this District is not the appropriate venue for Gross to litigate his remaining challenges.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Accordingly, the Court grants Defendants' Motion for summary judgment and to dismiss, respectively.

I.      **BACKGROUND**

In October 2014, a federal grand jury in the Northern District of Texas charged Robert Gross, a licensed therapist, with 52 counts of health care fraud in violation of 18 U.S.C. § 1347. ECF 26-1 at 235–74. The indictment alleged that Gross used improper billing codes for more than four years to secure greater reimbursement than was appropriate. *Id.* at 241. For example, Gross inflated the time he spent with patients and even sought reimbursement for services rendered to deceased clients. *See, e.g.*, *id.* at 242–43, 268. Gross entered into a plea agreement in which he pleaded guilty to one count of violating 18 U.S.C. § 1347. *Id.* at 282. Gross was sentenced to a 71-month term of incarceration and ordered to pay a $100,000 fine. *Id.* at 276, 279. The sentencing judge also ordered Gross to pay $1,832,869.21 in restitution to compensate for the damage caused by his conduct. *Id.* at 279. Later, the Texas Medical Board suspended Gross's medical license indefinitely. *Id.* at 294–95.

About two years later, on April 29, 2016, the Office of the Inspector General for the Department of Health and Human Services sent Gross a letter informing him that he would be excluded from all federal health care programs (including Medicare and Medicaid) because he had been convicted "of a criminal offense related to the delivery of an item or service under the Medicare or a State health care program." ECF 26-1 at 20 (citing 42 U.S.C. § 1320a-7(a)). Pursuant to the Social Security Act, Gross's period of exclusion could not be less than five years. *Id.*; *see also* 42 U.S.C. 1320a-7(c)(3)(B). But the Inspector General determined that Gross should be excluded for more than five years because his offense implicated four aggravating factors: (1)

Gross's offense caused a financial loss to a government agency of $5,000 or more;[2] (2) Gross's criminal acts were committed over a period of a year or more; (3) Gross's sentence included incarceration; and (4) Gross was the recipient of an adverse action taken by another governmental agency—the Texas Medical Board had suspended his license. ECF 26-1 at 21. It excluded him for a minimum period of 28 years. *Id.* at 20.

Gross appealed the decision. *Id.* at 19. On February 10, 2017, an Administrative Law Judge (ALJ) upheld the Inspector General's decision, citing the presence of the four aggravating factors and the lack of any mitigating factors. *Id.* at 1–9. Gross appealed the ALJ's decision, but a three-judge panel in the Appellate Division of the Department of Health and Human Services' Departmental Appeals Board affirmed it. *Id.* at 10–18.

Gross then sued the Inspector General, Attorney General, and an unnamed United States Attorney in this Court. ECF 4. His Amended Complaint includes three claims. First, Gross alleges that the decisions by the ALJ and the Departmental Appeals Board were arbitrary and capricious in violation of the Administrative Procedure Act. *Id.* at 2–3. Second, Gross alleges that the Defendants violated the Sixth Amendment by "refus[ing] to allow Plaintiff's constitutional right to counsel" before he entered into his plea agreement. *Id.* at 1. Finally, Gross's Amended Complaint alleges that Defendants violated the Fifth and Fourteenth Amendment by using false evidence, applying the wrong sentencing guidelines, and illegally seizing retirement funds. ECF 4 at 2.

While these allegations do not make clear the full basis for his legal argument related to the length of his exclusion, Gross's Response to Defendants' Motion for Summary Judgment

---

[2] This aggravating factor was later amended to increase the amount of loss from $5,000 to $50,000. *See* 42 C.F.R. § 1001.102(b)(1). But the Final Rule amending the amount had an effective date of February 13, 2017, which was after the Inspector General issued its decision. *See* 82 Fed. Reg. 4100, 4103, 4112 (Jan. 12, 2017).

offers some clarity. There, he argued that the 28-year exclusion period violated the Equal Protection Clause, and supported his argument by identifying doctors who had received shorter periods of exclusion. ECF 14 at 11–16. Reading Gross's pleadings together, the Court construes his claim to be an Equal Protection violation alleging that he received dissimilar treatment than other convicted doctors, in addition to his APA claim.

Defendants moved for summary judgment on Gross's claims related to the length of his period of exclusion and moved to dismiss his remaining claims under Rule 12(b)(3) for improper venue. ECF 10. Gross responded, ECF 13, and Defendants replied, ECF 20.

## II.   LEGAL STANDARD

Normally, summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). But in APA cases, "the summary judgment standard functions slightly differently, because the reviewing court generally . . . reviews the agency's decision as an appellate court addressing issues of law." *Ashtari v. Pompeo*, 496 F. Supp. 3d 462, 467 (D.D.C. 2020). A district court can review an administrative action to determine whether it was arbitrary and capricious, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 706. To pass arbitrary and capricious review, the administrative body "must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm*, 463 U.S. 29, 43 (1983).

Whether venue is proper "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, 571 U.S. 49, 55 (2013). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's

favor." *Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009). However, the burden is on the plaintiff to establish that venue is proper, *see, e.g., Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011), and the Court is not obligated to accept the plaintiff's legal conclusions, *Haley*, 667 F. Supp. 2d at 140.

III. ANALYSIS

A. APA and Equal Protection Claims

Gross challenges the decisions by the ALJ and Departmental Appellate Board upholding the Inspector General's 28-year exclusionary period. ECF 13 at 5–16. He argues that these decisions violated the APA and the Equal Protection Clause. After reviewing the statutory backdrop that informed the two decisions, the Court grants summary judgment to Defendants.

Individuals (like Gross) who have been excluded from participation in federal health care programs can seek judicial review of the exclusion after exhausting their administrative remedies. 42 U.S.C. § 1320a-7(f)(1). But the reviewing court applies a deferential standard of review—it will affirm an Appeals Board decision as long as it was "based on substantial evidence in the record and correctly applie[d] the relevant legal standards." *Friedman v. Sebelius*, 686 F.3d 813, 818 (D.C. Cir. 2012). If the decision departs from prior agency precedent, then the agency must also satisfy the APA's arbitrary and capricious standard by providing a reasoned explanation for the departure. *Id.* at 826–27.

The Appeals Board applied the correct legal standards, based its decision on evidence in the record, and provided a reasoned explanation for its action. The governing regulations identify nine aggravating factors that can justify lengthening a period of exclusion beyond the five-year minimum. The Appeals Board found that four of them applied to Gross's case: Gross's offense caused a financial loss to a government agency of $5,000 or more; Gross's criminal acts were

committed over a period of a year or more; Gross's sentence included incarceration; and Gross was the recipient of an adverse action taken by another governmental agency.

The Appeals Board correctly applied these aggravating factors based on the evidence in the record. As part of his plea agreement, Gross agreed to pay $1,832,869.21 in restitution for his actions, a sum that far exceeds the $5,000 threshold. ECF 26-1 at 287. Gross committed his actions over a period of approximately five years. *Id.* at 6. Gross was sentenced to 71 months incarceration because of the severity of his conduct. *Id.* And the Texas Medical Board revoked Gross's medical license indefinitely because of his conviction. *Id.* at 294–95. This evidentiary record firmly supports the Appeals Boards' application of the four aggravating factors.

To the extent that Gross's exclusionary period is longer than other periods of exclusion, the Appeals Board provided a reasoned explanation for the departure. The Appeals Board observed that Gross's case involved a mandatory exclusion, which carries a longer minimum period of exclusion than the permissive exclusion at issue in at least one of the cases that Gross cited in his challenge. ECF 26-1 at 15. It also considered its precedent—even reviewing non-binding ALJ decisions that Gross relied upon—and sufficiently explained that Gross's case caused a far greater financial loss (often more than double), involved criminal acts that occurred over a longer time span, and resulted in a lengthier period of incarceration than prior cases. *Id.* at 16–17. Thus, the Appeals Board adequately considered precedent—including the cases identified by Gross—and justified the lengthy exclusionary period that it imposed on Gross.

Finally, the Appeals Board's decision did not violate the Equal Protection Clause. Such a claim would require Gross to allege that he had been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Zahl v. New Jersey Dep't of L. and Pub. Safety Div. of Consumer Affs.*, 428 Fed. App'x 205, 209 (3d Cir. 2011)

(quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)). In his Response to Defendants' Motion for Summary Judgment, Gross identified a few cases in which convicted healthcare providers received shorter exclusionary periods. ECF 13 at 5–11. But the length of an exclusionary period is an individualized question that turns on the facts of any given situation. Factual differences explain why Gross received a lengthier exclusionary period than the healthcare providers in the cases he cited: Gross was ordered to pay more money in restitution than those providers because his conduct caused more significant financial loss and sentenced to a longer term of imprisonment because of the severity of his conduct, providing a rational basis for the Appeals Board to determine that a greater exclusionary period was appropriate in his case. Additionally, there is no evidence in the record that the Appeals Board acted with animus toward Gross or that any difference in treatment was related to anything other than the facts of his case. The Court therefore grants Defendants' Motion for Summary Judgment as to Gross's APA and Equal Protection claims.

### B. Constitutional Claims Related To Gross's Conviction and Sentence

The Defendants argue that this Court is an improper venue to litigate Gross's Sixth, Fifth, and Fourteenth Amendment claims related to his underlying conviction and sentence, and that the named Defendants are improper parties for those claims. ECF 10-1 at 6–7. Gross does not meaningfully dispute this assertion, and the Court agrees with Defendants. The Fifth Circuit is the appropriate jurisdiction for any appeals related to Gross's conviction. *See* 28 U.S.C. § 1291. And if Gross meant to collaterally attack his underlying conviction, then he must bring a habeas action against "the person who has custody over him." *See* 28 U.S.C. 2242; *see also Rumsfeld v. Padilla*,

542 U.S. 426, 434 (2004).[3] The Court grants Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(3) as to Gross's constitutional claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment as to Gross's APA and Equal Protection Claims, as well as their Motion to Dismiss his constitutional claims purporting to challenge his conviction and sentence for improper venue.

DATE: August 9, 2023

_____
Jia M. Cobb
U.S. District Court Judge

---

[3] The Court does not opine on the merits of any such habeas action. It finds only that Gross's claims are more appropriately raised in a habeas petition rather than in this litigation.